Ms. Shayne King, Human Resources Director City of Bryant 210 S.W. Third Street Bryant, Arkansas 72022
Dear Ms. King:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for my opinion on whether your decision to release a letter written by the Bryant Fire Chief to the Mayor and other city officials is consistent with the Freedom of Information Act ("FOIA"). Your request indicates that you are the custodian of the record and that a law firm has requested the record under the FOIA. You have enclosed the letter for my review and note that it is your determination that, for purposes of the FOIA, the letter is a "personnel record, inasmuch as it constitutes a complaint made by a City employee," and that "disclosure of the record would not constitute a clearly unwarranted invasion of personal privacy" under A.C.A. § 25-19-105(b)(12). (Emphasis original.)
RESPONSE
In my opinion your decision is consistent with the FOIA.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance *Page 2 
of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005).
Given that the record is kept by the City and the subject matter involves the performance of official functions, I believe the document in question clearly qualifies as a "public record" under this definition.
As my predecessor noted in Op. Att'y Gen. 99-305: "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law."
It appears that the pertinent exemption in this instance is the one for "personnel records," which are generally open to inspection and copying under the FOIA except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy."See A.C.A. § 25-19-105(b)(12) (Supp. 2007). As stated in Op. 99-305:
 . . . The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
 (Emphasis added.) *Page 3 
The letter you have enclosed clearly pertains to individual employees, including the fire chief. It thus appears that the letter in question is a "personnel record" for purposes of the FOIA.
I have considered whether the document in question is instead an "employee evaluation or job performance record" for purposes of the FOIA. See A.C.A. § 25-19-105(c)(1). As I stated in Op. Att'y Gen.2007-025, that category of documents includes "any records created by or at the behest of an employer that detail the performance or lack of performance of an employee or employees with regard to a particular incident or incidents." Id. at n. 2, citing Op. Att'y Gen. 2006-182. That category of record is subject to a different test for disclosure.See A.C.A. § 25-19-105(c)(1) (outlining that test). In my opinion, the document in question, although prepared by the Fire Chief and in some respects describing the actions of his subordinates, is not an "employee evaluation or job performance record." It is clearly not an "evaluation" record as envisioned under the act. See e.g., Op. Att'y Gen. 94-391. Nor, in my opinion, does it detail the employees' performance such that it can be deemed a "job performance" record of the other employees.Id. As noted in Op. Att'y Gen. 94-391, "[t]he comments regarding the employee[s] . . . do not reflect the level of detail necessary to compel the conclusion that the document thereby constitutes an evaluation or job performance record." In my opinion, therefore, the applicable exemption to consider is the A.C.A. § 25-19-105(b)(12) exemption for "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)[12] requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . *Page 4 
Because section 25-19-105(b)[12] allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
 308 Ark. at 598.
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when there is "little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented. Id. at 313.
In my opinion, the content of the document in question does not reflect a substantial privacy interest. Previously-issued Attorney General opinions conclude, and I agree, that "[i]f the privacy interest is de minimus, the information is likely disclosable and that is the end of the analysis." Op. Att'y Gen. 97-286, citing Ops. Att'y Gen. 95-220; 93-131; and 90-335. In addition, it appears from the documents you have enclosed that a substantial public interest attends the subject matter of the document in question. Although the question may be one of fact, I cannot conclude from the information presented that any privacy interest outweighs the public interest. As a consequence, it is my opinion that your decision to release the document in question in response to the FOIA request is consistent with that law.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General